```
IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


SALITO MARQUES GOOD,              )
                                  )
            Petitioner,           )
                                  )
      v.                          )    1:07CV178
                                  )    1:04CR330-1
UNITED STATES OF AMERICA,         )
                                  )
            Respondent.           )
```

**RECOMMENDATION OF MAGISTRATE JUDGE ELIASON**

Petitioner Salito Marques Good, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 40.)[1] Petitioner was indicted on a single count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e). (Docket No. 1.) A jury convicted him of that charge (Docket No. 21.) He was subsequently sentenced to 252 months of imprisonment. (Docket No. 29.) Petitioner then pursued a direct appeal, but was ultimately unsuccessful in this endeavor. (Docket Nos. 38, 39.) He has now filed the current motion under § 2255. Respondent has filed a response seeking to have the motion denied (Docket No. 45) and Petitioner has filed a reply (Docket No. 52). The matter is now before the Court for a decision on Petitioner's motion.

**PETITIONER'S CLAIMS**

Petitioner makes several claims, most of which are related to the fact that he was sentenced as an armed career criminal because he had three prior convictions for violent felonies. In

---

[1]This and all further cites to the record are to the criminal case.

his first claim, he argues that he received ineffective assistance of counsel because: (1) his attorney stipulated that he had prior convictions for eluding arrest by motor vehicle, common law robbery, and second-degree burglary, (2) counsel did not attempt to have the jury decide whether he qualified as an armed career criminal, (3) counsel did not object to the use of the second-degree burglary conviction to support the armed career criminal enhancement, and (4) counsel allowed the stipulation concerning Petitioner's prior convictions to be read to the jury, thereby impugning his character. His second claim alleges ineffective assistance of counsel on appeal and asserts that appellate counsel, who was different from trial counsel, failed him by: (1) not claiming that trial counsel provided ineffective assistance, (2) not raising the issue of whether the eluding arrest conviction could count as a predicate for the armed career criminal designation, (3) not challenging the use of the second-degree burglary conviction as a predicate for the armed career criminal designation, (4) failing to raise the fact that the jury only convicted Petitioner under § 922(g) and not under § 924(e), and (5) failing to raise a challenge to Petitioner's sentence under the Sixth Amendment, United States v. Booker, 543 U.S. 220 (2005), and related cases.

Petitioner's third and fourth claims assert errors by the sentencing judge. Petitioner claims that the second-degree burglary conviction should not have been used as a predicate for the armed career criminal enhancement because the indictment in the

present case did not specify that there was a burglary of a structure or dwelling and because the sentencing judge had to rely on facts outside the indictment to find that a structure or dwelling was involved. He also complains that his sentence exceeded the sentence allowed by the jury's verdict in his case. This is another form of his Booker argument.

## DISCUSSION

### Claim One

Petitioner's first claim is for ineffective assistance of counsel at his trial and sentencing. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

-3-

Petitioner's first contention is that his attorney erred by stipulating that Petitioner had convictions for eluding arrest by motor vehicle, common law robbery, and second-degree burglary. In no way can Petitioner show error or prejudice on this claim because he does not dispute that he actually had those convictions. He also has not made any argument, much less provided evidence, that Respondent would have had any trouble whatsoever proving the existence of these convictions if counsel had forced the issue. He does not explain what could have been gained from failing to stipulate to the convictions. Petitioner's claim on this issue is entirely conclusory and should be denied.

Petitioner's next allegation, that his attorney did not attempt to have the jury make a determination as to his status as an armed career criminal, also fails. There is no requirement that this issue be decided by a jury. Petitioner's argument appears to be connected to his argument that the application of the armed career criminal enhancements violated his Sixth Amendment rights and <u>Booker</u>. However, Petitioner is incorrect and this argument has already been rejected by the Fourth Circuit on direct appeal. As the Fourth Circuit informed Petitioner in its denial of his appeal, it is perfectly permissible under <u>Booker</u> for a judge to find sentencing facts which enhance a defendant's sentence as long as the sentencing guidelines are advisory. <u>United States v. Good</u>, 170 Fed. Appx. 820, 821-23 (4th Cir. Feb 22, 2006)(unpublished). Also, where the facts found involve recidivism based on prior convictions, <u>Booker</u> and the Sixth Amendment are not even implicated

as long as any findings are not based on facts extraneous to the fact of conviction. Id.; United States v. Cheek, 415 F.3d 349, 352-53 (4th Cir. 2005). Petitioner's counsel did not err by failing to request a jury finding where Petitioner had no right to present the issue to a jury.[2]

Petitioner's third allegation of ineffective assistance is that his counsel performed badly by not challenging the use of his second-degree burglary conviction as a predicate offense for Petitioner's armed career criminal status. This claim fails because it is more than obvious that Petitioner's second-degree burglary conviction is a proper predicate offense.

The Armed Career Criminal Act (ACCA) calls for a mandatory fifteen-year sentence for persons convicted under 18 U.S.C. 922(g) who already have three previous convictions for serious drug offenses or crimes of violence. 18 U.S.C. § 924(e)(1). Also, armed career criminal status triggers significant enhancements under the United States Sentencing Guidelines (USSG). USSG § 4B1.4. According to the Presentence Report (PSR), those enhancements were applied in the present case. (PSR ¶ 19.) As for Petitioner's second-degree burglary conviction, 18 U.S.C. § 924(e)(2)(B)(ii) defines a crime of violence to include "burglary." The Supreme Court has limited the term "burglary" in this statute to include unlawful entry into a building or structure

---

[2]As will be discussed, Petitioner has a long and undisputed criminal record which clearly supports a conclusion that he was a convicted felon and an armed career criminal. Because of this, there is no reason to believe that a jury would ever have failed to find against him in any event.

(as opposed to a vehicle) with the intent to commit a crime. <u>Taylor v. United States</u>, 495 U.S. 575, 598-99 (1990). Breaking and entering into a dwelling is a crime of violence because it is burglary under the ACCA. <u>United States v. Bowden</u>, 975 F.2d 1080, 1081-85 (4th Cir. 1992). In North Carolina, burglary itself is defined by common law as the breaking and entering during the nighttime of a dwelling or sleeping apartment with the intent to commit a felony. <u>State v. Surcey</u>, 139 N.C. App. 432, 434, 533 S.E.2d 479, 481 (2000). Second-degree burglary is defined by statute to be burglary of a dwelling house or sleeping apartment not actually occupied at the time of the crime. <u>Id.</u>; N.C. Gen. Stat. § 14-51. Therefore, by definition, a second-degree burglary conviction in North Carolina will always be a crime of violence under the ACCA because it will always involve breaking and entering into a structure to commit a crime. Petitioner can raise no valid argument that it was not in this case. Therefore, his attorney did not err or prejudice him by not contesting the point.

Petitioner's final contention is that his attorney improperly allowed a stipulation of prior convictions to be read to the jury and that this caused the jury to view him in a bad light. Unfortunately for Petitioner, he does not suggest a viable alternate course that his attorney could have taken. Because he was charged with being a felon in possession of a firearm, his status as a felon was an issue and his record had to be discussed in front of the jury in some manner. He has shown no advantage to having it done by the presentation of witnesses and documentary

-6-

Case 1:04-cr-00330-NCT-RAE   Document 53   Filed 09/06/07   Page 6 of 11

evidence, as opposed to the stipulation. Further, as Respondent points out, Petitioner testified in his own defense. (Trial Tr. at 44-61.) Therefore, his prior felony convictions would have been raised in any event to impeach him on cross-examination. Fed. R. Evid. 609; (Trial Tr. 47-48). Given this, the stipulation could not have prejudiced Petitioner in any way and his entire first claim for relief should be denied.

### Claim Two

Petitioner's second claim alleges ineffective assistance as to his appellate counsel. Generally, this claim is governed by the same principles of error and prejudice as Petitioner's first claim. However, a few specific additional rules apply. Appellate counsel need not raise on appeal every non-frivolous issue requested by a defendant. Jones v. Barnes, 463 U.S. 745 (1983); see also Smith v. Murray, 477 U.S. 527 (1986); Evans v. Thompson, 881 F.2d 117, 124 (4th Cir. 1989) (declaring that counsel pursued sound trial strategy when "he determined what he believed to be petitioner's most viable arguments and raised them on appeal"). Winnowing out weaker arguments to press forward with more important points is part of effective appellate advocacy. Jones, 463 U.S. at 751-52. Prejudice can be shown by demonstrating that "'counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.'" Bell v. Jarvis, 236 F.3d 149, 180 (4th Cir. 2000)(quoting Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994).

Petitioner first contends that his appellate counsel erred by not claiming that he received ineffective assistance of counsel at trial. This fails for two reasons. First, claims of ineffective assistance are seldom proper subject matter for a direct appeal. United States v. Fisher, 477 F.2d 300, 302 (4th Cir. 1973). Second, the claim would have had no merit for the reasons discussed above. Petitioner's appellate attorney did not improperly fail to raise an ineffective assistance claim and did not prejudice Petitioner in any event.

Next, Petitioner complains that his appellate counsel did not contest the use of his eluding arrest by motor vehicle conviction to designate him an armed career criminal. This is simply untrue. Counsel did raise this point and it was discussed and rejected on its merits by the Fourth Circuit. Good, 170 Fed. Appx. at 821-823. Similarly, Petitioner claims that counsel did not raise a claim that the application of the ACCA in his case violated his Sixth Amendment rights and Booker. This too is untrue. Id. at 823. Both of these claims are frivolous.

Petitioner's third complaint against his appellate counsel is that he failed to challenge the use of his second-degree burglary conviction as a predicate under the ACCA. Although it is true that appellate counsel did not pursue this point, Petitioner still does not prevail. For reasons already explained, there would have been no merit in this argument. It was not improper for counsel not to raise it and Petitioner was not prejudiced.

Finally, Petitioner argues that his appellate counsel should have pursued a claim that the jury only convicted him under 18 U.S.C. § 922(g) and not 18 U.S.C. § 924(e). Although Petitioner is correct as to the statute he was convicted under, he is incorrect to the extent that he believes this would have amounted to a valid claim. Petitioner's substantive offense was under § 922(g). On the other hand, § 924(e) is not a separate substantive offense, but only a statutory sentencing enhancement applying to those convicted under § 922(g). As already explained both here and by the Fourth Circuit on appeal, there was no Sixth Amendment right to have Petitioner's status as an armed career criminal tried to the jury. It was not ineffective assistance to fail to raise such a claim.[3] Petitioner's entire claim for ineffective assistance of counsel on appeal should be denied.

**Claims Three and Four**

Petitioner's final two claims for relief involve alleged errors by the sentencing judge. The first is that the ACCA enhancement should not have been applied because Petitioner's indictment did not specify that his burglary conviction was for the burglary of a structure or building. Again, as already stated multiple times here and on appeal, Sixth Amendment requirements do not apply to ACCA enhancements. Therefore, not only do they not have to be proved to a jury, they also do not have to be set out in an indictment. <u>Good</u>, 170 Fed. Appx. at 823. Also, the indictment

---

[3] Arguably, this claim is essentially the same as the <u>Booker</u> claim which was raised and decided against Petitioner. This is an additional reason to deny it.

does state that Petitioner had been convicted of second-degree burglary in North Carolina.  Because second-degree burglary in North Carolina always involves the burglary of a dwelling or sleeping apartment, the indictment did actually allege that Petitioner had been convicted of the burglary of a structure or building.

In his final claim for relief, Petitioner asserts that the sentencing judge erred by using "extra-indictment facts" to determine that Petitioner's second-degree burglary and speeding to elude arrest convictions were proper ACCA predicates.  This claim also fails.  The claim itself is somewhat difficult to understand, but may be a misstatement of the rule that a sentencing judge is limited in the type of materials he can consult when determining whether a prior conviction is an ACCA predicate offense.  However, this rule does not limit the sentencing judge to using only the indictment in the **present** case, but instead to using only charging documents, plea agreements, plea colloquies with a factual basis, or similar judicial records from the **predicate** offense.  <u>Shepard v. United States</u>, 544 U.S. 13, 26 (2005).

Petitioner does not show that any improper materials were considered here and none needed to be.  As demonstrated by Petitioner's own exhibits, he pled guilty to second-degree burglary in North Carolina.  (Docket No. 41. Exs.)[4]  That offense is necessarily a crime of violence under the ACCA.  Also, the Fourth

---

[4]These exhibits, which include the charging document in the second-degree burglary case, also specifically allege that he broke into a dwelling and even set out the exact dwelling.

-10-

Circuit has found that the same is true for Petitioner's eluding arrest by motor vehicle conviction.  <u>Good</u>, 170 Fed. Appx. at 822. Petitioner's final two claims, as well as his entire motion, should be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 40) be **DENIED** and that Judgment be entered dismissing this action.

*/s/ Russell A. Eliason*
**United States Magistrate Judge**

September 6, 2007

-11-

Case 1:04-cr-00330-NCT-RAE   Document 53   Filed 09/06/07   Page 11 of 11