IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SALITO MARQUES GOOD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:16CV455 |
| v. | ) | 1:11CV926 |
| | ) | 1:04CR330-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner was convicted in this Court of a single count of possession of a firearm in commerce after a felony conviction in violation of 18 U.S.C. § 922(g)(1). Based on his status as an Armed Career Criminal under 18 U.S.C. § 924(e), he was sentenced to 252 months of imprisonment to be followed by a term of five years of supervised release. The United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence on direct appeal. Petitioner thereafter filed a Motion [Doc. #40] to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which was denied with prejudice. He later filed what the Court treated as another Motion [Doc. #59] under § 2255, arguing that his sentence as an Armed Career Criminal was no longer valid following United States v. Simmons, 635 F.3d 140 (4th Cir. 2011). Although the Government later conceded that this was correct, questions remained about the Court's ability to hear the case or grant relief due to the successive nature of Petitioner's filing. The Court stayed the matter in light of the pending case of Surratt v. United States, No. 14-6851 (4th Cir.), which appeared likely to address that point. However, during the stay, the United States Court of Appeals for the Fourth Circuit

granted Petitioner permission to file a successive § 2255 Motion raising claims under Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015), which is retroactive on collateral review for Armed Career Criminals. Welch v. United States, ___ U.S. ___, 136 S. Ct. 1257 (2016). Petitioner filed the Motion [Doc. #86], which is now before the Court, along with a Motion to Expedite [Doc. #87] and a Motion [Doc. #91] seeking bail pending resolution of this matter.

Turning first to Petitioner's authorized successive § 2255 Motion, the Government concedes that, following Johnson, Petitioner is no longer an Armed Career Criminal. Under 18 U.S.C. § 924(e)(1), a defendant is subject to enhanced sentencing penalties if he has three prior convictions for a "violent felony or a serious drug offense, or both, committed on occasions different from one another. . . ." A crime is a serious drug offense for purposes of 18 U.S.C. § 924(e) if it is one "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" and is a crime "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A). Before Johnson, a crime was a "violent felony" if it was punishable by imprisonment of more than a year and "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(1)(B)(i) and (ii). However, Johnson invalidated as unconstitutionally vague the "residual clause" of the statute, which covered offenses that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another." Johnson, 135 S. Ct at 2563.

2

Petitioner was sentenced as an Armed Career Criminal based on prior North Carolina convictions for felonious eluding arrest by motor vehicle, common law robbery, and second-degree burglary. The Government previously conceded that the conviction for eluding arrest by motor vehicle would no longer be a proper predicate following <u>Simmons</u>. It now also fails under <u>Johnson</u>. <u>United States v. Barlow</u>, 811 F.3d 133, 136 (4th Cir. 2015). Likewise, Petitioner's conviction for common law robbery is also no longer a valid predicate following the invalidation of the residual clause in <u>Johnson</u>. <u>United States v. Garnder</u>, 823 F.3d 793, 804 (4th Cir. 2016). In light of this new case law, Petitioner is not an Armed Career Criminal, and his latest § 2255 Motion should be granted on that basis.

Regarding the appropriate remedy, the Government requests that Petitioner be resentenced without the Armed Career Criminal enhancement. Petitioner agrees that the enhancement does not apply, but requests that a corrected judgment be entered instead because the resentencing will necessarily result in a sentence shorter than the time he has already served. Under <u>United States v. Hadden</u>, 475 F.3d 652, 669-72 (4th Cir 2007), a sentencing judge has discretion to enter a corrected judgment or conduct a full resentencing. Therefore, in the present case, the matter can be set for a full resentencing, or alternatively, in light of Petitioner's request, the Court could enter a Corrected Judgment reducing Petitioner's sentence to the statutory maximum of 10 years imprisonment and 3 years supervised release. If either party objects to either of these alternatives, they should raise the matter in their Objections to this Recommendation.

Finally, as for Petitioner's other pending filings, Petitioner's § 2255 Motion seeking relief under <u>Simmons</u> will be mooted by the granting of his later Motion under <u>Johnson</u> and

3

it can be denied as such.  Petitioner's Motion seeking to expedite the case is also moot in light of the entry of this Recommendation that he be granted relief.  Finally, as for Petitioner's Motion seeking bail, the Court cannot determine with certainty what sentence Petitioner will receive at resentencing or how his sentence will be calculated by the Bureau of Prisons.  However, the Court will order Respondent to respond to Petitioner's Motion regarding bail.

IT IS THEREFORE ORDERED that within 21 days of the entry of this Order and Recommendation, Respondent shall file a Response to Petitioner's Motion [Doc. #91] seeking his release on bail pending a resolution of this matter.

IT IS RECOMMENDED that Petitioner's Motion [Doc. #86] to vacate set aside, or correct sentence be granted, that his sentence be vacated, and that this matter either be set for resentencing or be concluded by entry of a Corrected Judgment reducing Petitioner's sentence to the statutory maximum of 10 years imprisonment and 3 years supervised release.

IT IS FURTHER RECOMMENDED that Petitioner's earlier Motion [Doc. #59] to vacate set aside, or correct sentence and Motion [Doc. #87] seeking expedited review be denied for being moot.

This, the 7th day of November, 2016.

                                                            /s/ Joi Elizabeth Peake
                                               United States Magistrate Judge